IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISRICT OF PENNSYLVANIA

AMANDA MOHAN,  )
　 )
　　Plaintiff, ) No. 14-148
　 )
　V. )
　 )
CAROLYN W. COLVIN, )
COMMISSIONER OF )
SOCIAL SECURITY )
　 )
　　Defendant. )

## SYNOPSIS

Plaintiff filed an application for disability insurance benefits pursuant to Title II and Title XVI, alleging disability beginning on January 1, 2007. Her claim was denied initially, and upon hearing before an ALJ, at which she was represented by counsel. The Appeals Council denied her request for review. Plaintiff, now acting pro se, appeals the Commissioner's decision. For the following reason, Plaintiff's Motion will be denied, and Defendant's granted.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting

1

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

Because Plaintiff is acting pro se, applicable standards, as well as Plaintiff's submissions, must be viewed liberally. See Cruz v. Colvin, 2014 U.S. Dist. LEXIS 92284, at *40 (D.N.J. 2014). I have reviewed this matter accordingly.

**II. PLAINTIFF'S MOTION**

Plaintiff raises several arguments in this appeal. She contends, first, that the Administrative Law Judge ("ALJ") dealt improperly with a horseback riding accident, by discounting her credibility based on confusion regarding the horseback riding accident, and by relying on x-rays, not taken at the time of the accident, to demonstrate that the accident did not occur. She further argues that the ALJ inappropriately gave less weight to treating doctors, while giving more

2

weight to agency physicians. She also challenges the hypothetical that the ALJ gave to the vocational expert ("VE"), and argues that the ALJ minimized her depression.

An ALJ's credibility determination is entitled to great deference. Malloy v. Comm'r of Soc. Sec., 306 Fed. Appx. 761 (3d Cir. 2009). Accordingly, courts are "particularly reluctant" to overturn an ALJ's credibility determination. Woodson v. Barnhart, 2006 U.S. Dist. LEXIS 57853, at *10 (E.D. Pa. Aug. 14, 2006). Here, the ALJ relied on several factors, identified in applicable regulations, to assess her credibility. Contrary to Plaintiff's suggestion, he did not question that the horseback riding accident occurred. Instead, he merely noted that the record did not reflect Plaintiff's representations regarding the resulting rib and ankle damage.[1] He also suggested that the act of horseback riding in 2009, among Plaintiff's other activities, was inconsistent with her complaints of disabling pain. The ALJ's decision reflects that he reviewed all of the medical evidence, and assessed the weight to be afforded that evidence. The ALJ's process and conclusions, therefore, are consistent with applicable standards. Cf. Harkins v. Comm'r of Soc. Sec., 399 Fed. Appx. 731, 735 (3d Cir. N.J. 2010).

Regarding the medical evidence, the ALJ thoroughly discussed Plaintiff's medical records, including her treatment with primary care physician Dr. Ferguson, neurologist Dr. El-Kadi, Butler Family Practice, and as well as the opinions offered by an agency reviewer and an agency consulting examiner. The ALJ accorded "great weight" to the opinion of agency reviewer Dr. Mari-Mayans, because his findings regarding functional limitations were consistent with the record; he afforded "some weight" to the opinion of consulting examiner Dr. Gregory,

---

[1] Plaintiff saw Dr. Ferguson in May, 2009, and reported falling off of a horse the day prior to the visit. She complained of left foot and upper back pain. On assessment, there was an impression of closed rib fracture, and radiologic testing was ordered. That imaging, taken in May of 2009, did not reflect either impression or findings of any breaks or fractures. Still later diagnostic imaging in October, 2009, showed no change in Plaintiff's degenerative disc disease since imaging taken in December, 2008, following Plaintiff's earlier complaints of back pain.

3

because some of the limitations found were not supported by either treatment records or Dr. Gregory's own observations. The ALJ did not reject any conclusions or reports of functional capacity from treating sources; instead, he reviewed the notes and records of those treating sources. There is no suggestion that the ALJ gave anything less than full credit to the treating physician's notes; indeed, he weighed the opinions of Dr. Gregory and Dr. Mari-Mayans based on their consistency with those notes.[2] Though difficult and unpleasant, pain and discomfort do not automatically equate to disability.[3] They are not necessarily incompatible with work activity at the appropriate levels of exertion and limitation. See Ethridge v. Astrue, 2012 U.S. Dist. LEXIS 57073, at *25 (W.D. Pa. Apr. 24, 2012). Indeed, the ALJ arrived at a fairly restrictive residual functional capacity ("RFC") that accommodated many of Plaintiff's symptoms.[4]

As a final matter, I briefly address Plaintiff's remaining arguments. She avers that the ALJ asked Plaintiff is she has help, implying that he acknowledged a disability, but that his decision does not reflect that question. This reflects no error, as the ALJ is not required to include every comment in his Opinion in order to fulfill applicable standards. As regards Plaintiff's depression, the ALJ noted that the record reflected notations in that regard, but no definitive diagnosis. He did not disregard medical evidence of depression, or otherwise deal improperly with that issue. Plaintiff also appears to challenge the length of time it took for the Appeals Council to decline to review this matter. A delay by that Council, however, is not within my purview. Lastly, as the ALJ's analysis was supported by substantial evidence

---

[2] Plaintiff is concerned that the ALJ does not connect her herniated discs with earlier accidents. An ALJ, however, is not permitted to make medical conclusions.

[3] Disability is defined as "unable to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1527.

[4] The RFC included, inter alia, limitations to sedentary work, no pushing, pulling, or operation of foot controls bilaterally, no crawling or climbing ladders, ropes, or scaffolds, occasional balancing, stooping, kneeling, and crouching, and a sit/stand option with intervals no more frequent than 30 minutes.

4

according to applicable standards, the hypothetical to the VE, based on the restrictive RFC, was appropriate.

**CONCLUSION**

Particularly given Plaintiff's pro se status, I have carefully reviewed all aspects of the record, including the Plaintiff's submissions, the hearing transcript, and the ALJ's decision. Having done so, I find no error. While I empathize with Plaintiff's situation, and recognize her frustration, I am not permitted to reweigh the evidence. My scope of review, as discussed supra, is strictly limited. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

**ORDER**

AND NOW, this 30th day of September, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's is GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court